

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. L. Chandler
County Auditor
Montague County
Montague, Texas

> Opinion No. O-3803
> Re: Can the Stoneburg School
> District tax the city of
> Bowie and the various per-
> sons that own club houses
> surrounding the lake be-
> longing to the city of
> Bowie?

Dear Sir:

We are in receipt of your letter of July 22, 1941, in which you request the opinion of this department on the facts set out therein as follows:

> "Please give me a ruling on the following question. Several years ago the City of Bowie built a lake in the Stoneburg School District, and the land that they took to build this lake was taxed on a bond levy that was voted several years ago. The City of Bowie has also permitted various individuals to build club houses on the side of this lake. I would like to know if the Stoneburg School District can make the City of Bowie and the various persons that own these club houses pay taxes on this lake and these club houses.

> "The Bowie lake was built as a water supply for the city of Bowie. The city of Bowie leases camp sites for ten dollars per year, and this lake cost the city including pumps and the building of the lake approximately one hundred thousand dollars. This lake covers about one hundred acres of land. There are a number of

Honorable I. L. Chandler, Page 2

camp sites leased, but there are only two
camp houses and they cost approximately
fifteen hundred dollars each."

We assume that the city of Bowie in voting the
bonds mentioned has complied with the statutory require-
ment of creating a special fund for the payment of the
interest and sinking fund on said bonds. We also assume
that this incidental revenue derived from the camp sites
is paid into said special fund.

We believe there can be no question but that the
property of the lake owned by the city of Bowie together
with the other property surrounding same is exempt from
taxation by the school district in which it is located.
Section 9 of Article XI of the Constitution of Texas reads
as follows:

"The property of counties, cities and
towns, owned and held only for public purposes,
such as public buildings and the sites there-
for. Fire engines and the furniture thereof,
and all property used, or intended for extin-
guishing fires, public grounds and all other
property devoted exclusively to the use and
benefit of the public shall be exempt from
forced sale and from taxation, provided, noth-
ing herein shall prevent the enforcement of
the vendors lien, the mechanic's or builder's
lien, or other liens now existing."

Article 7150 of the Revised Civil Statutes of Tex-
as reads, in part, as follows:

"The following property shall be exempt
from taxation, to-wit:

" * * * .

"4. Public property.- All property, wheth-
er real or personal, belonging exclusively to
this State, or any political subdivision there-
of, or the United States, * * * ."

In order for property to be exempt it is necessary
that the same must be public property as to ownership and
must also be used for public purposes. It is well settled
that property owned by a city for a reservoir or lake is
tax exempt. See CITY OF ABILENE v. STATE, 113 S.W. (2d)

Honorable I. L. Chandler, Page 3

631 and CITY OF DALLAS v. STATE, 28 S.W. (2d) 937.

We believe this question is controlled by the case of STATE v. CITY OF HOUSTON, 140 S.W. (2d) 277, by the Galveston Court of Civil Appeals, writ of error refused by the Supreme Court. In that case certain property purchased by the city of Houston with funds derived from the sale of "Roadways to Turning Basin Bonds" was being rented to private individuals for residential purposes. The court held all of the property including the portion so used tax exempt and stated as follows:

"It is not contended that the City did not have the authority to buy the entire tract out of the special fund, even though only a portion of the tract was to be used for opening Navigation Boulevard. As owner of property frequently not only collects for the value of the property actually taken for roadway purposes, but also for damages to his remaining property, so that it may well constitute a better bargain for a City to acquire all of the tract, than merely a portion thereof, and pay damages to the owner on the balance. It must be taken, therefore, that the City purchased the tract here involved in order to preserve the 'Roadways to Turning Basin Funds'. The judgment of the trial court holding that the property is not taxable is clearly sustainable if the property was not merely public property but is also held for a public purpose. The fact that the property was rented to private persons, and was therefore closed to the public, does not necessarily determine that such property is not held for a public purpose. Certainly the stipulated facts lead to the conclusion that so much of the property as was not bought to be devoted directly to the opening of the Boulevard was bought for the purpose of conserving the 'Roadways to Turning Basin Funds'. If the property was bought and is being held to preserve such fund, how can it be said that it was not bought, and is not being held for a public purpose? Clearly the fact that the City is renting the property to private persons pending the interval before its sale cannot change the character of the City's interest in the proper-

Honorable I. L. Chandler, Page 4

ty. * * *.

"* * *.

"The trial court's judgment is clearly right
if the property constitutes a part of the spe-
cial fund; and it seems clear to us that such
property is so; in any case, the stipulated facts
support a finding by the trial court to that
effect, and we will assume the court so found.
This being so, it is neither taxable nor cap-
able of being sold for taxes, and thus diver-
ted. * * *."

It is our opinion that the property owned by the
city of Bowie under the facts presented is exempt from
ad valorem taxation. The clubhouses themselves, however,
being privately owned, are subject to taxation.

As to the property leased by the city to indiv-
iduals, we call your attention to Article 7173 of the
Revised Civil Statutes, which reads, in part, as follows:

"Property held under a lease for a term of
three years or more, or held under a contract
for the purchase thereof, belonging to this
State, or that is exempt by law from taxation
in the hands of the owner thereof, shall be
considered for all the purposes of taxation,
as the property of the person so holding the
same, except as otherwise specially provided
by law * * *."

You are, therefore, advised that if the city of
Bowie has leased any of the property mentioned to a pri-
vate individual for a term of three years or more, said
individual would be required to pay taxes based on the
value of his leasehold interest in the property.

We trust that the foregoing will be sufficient
to advise you in this matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN

APPROVED AUG 21, 1941

BG:nw

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS